811 P.2d 505

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Domingo C. RODRIGUEZ, Defendant–Appellant.**

No. 18885.

Court of Appeals of Idaho.

May 13, 1991.

Van G. Bishop, Canyon County Public Defender, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

This case involves a question regarding the computation of a term of imprisonment. On appeal, we are asked to determine whether a convict is entitled to credit for presentence incarceration for a charged offense other than the one for which the sentence was imposed. We conclude that no such credit is available in this case and affirm the decision of the district court.

Domingo Rodriguez was arrested on August 26, 1986, on a charge of possession of stolen property. On September 21, 1986, while awaiting trial, he was released on bond. In August and September, he served twenty-seven days in jail for which he was given credit when his sentence was imposed.

On October 26, 1986, while released on bond, Rodriguez was arrested on a charge of intimidating a witness.[1] Apparently unable to post a second bond, he remained in jail until February 9, 1987, when the district court entered judgment against him for grand theft by possession of stolen property, I.C. § 18–2403(4). The court sentenced him to an indeterminate five-year term, I.C. § 18–2408, and gave him credit for the twenty-seven days he served prior to being released on bond. He did not receive credit for his incarceration during the period from October 26, 1986, to February 9, 1987, because that period of incarceration was for a different crime.

On July 5, 1990, Rodriguez filed an I.C.R. 35 motion requesting a correction of his sentence. On July 17, 1990, the district court issued an order denying the Rule 35 motion on the basis that Rodriguez was not entitled to a credit on his sentence for theft for the separate period he was incarcerated for intimidating a witness. Rodriguez filed a notice of appeal, pro se, on August 29, 1990. On appeal, he argues that he should have been given credit for the 107 days he was incarcerated after he was arrested for the second crime.

■ We will consider two preliminary questions raised by the state before we reach the merits of the case. We are faced with a threshold issue concerning the appellate jurisdiction of this court. Rodriguez' notice of appeal was received forty-three days after the district court's order was filed. I.A.R. 14 provides that an appeal from the district court "may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action."

Before this case was assigned to this Court for disposition, the Idaho Supreme Court considered the timeliness of Rodriguez' appeal. On September 26, 1990, our Supreme Court issued an "Order Conditionally Dismissing Appeal." Rodriguez filed a motion to reinstate his appeal alleging a delay in mailing the notice of appeal on the part of the penitentiary and an accompanying affidavit. The Supreme Court considered the motion and issued an order withdrawing the "Order Conditionally Dismissing Appeal" and reinstated the appeal. In *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct.App.1990), this Court faced a similar question of timeliness in a criminal appeal. In *Lee*, as in the present case, the Supreme Court had conditionally dismissed the case and subsequently reinstated the appeal. In *Lee*, we said:

> Until further guidance is given by our Supreme Court—by promulgation of a rule to the contrary or by altering our opinion in this case through the review process—we deem the timeliness of this appeal to have been implicitly resolved by that Court.

*Lee*, 117 Idaho at 205, 786 P.2d at 596. We adhere to our decision in *Lee*, and conclude that we have jurisdiction to entertain Rodriguez' appeal.

■ The second issue raised by the state is whether Rodriguez' Rule 35 motion was timely filed. Rodriguez filed the motion two-and-one-half years after judgment was imposed. Pursuant to Rule 35, the district court has authority to correct an illegal sentence at any time. Rodriguez' motion

1. This charge was later dropped pursuant to a plea agreement.

under Rule 35 states a colorable (although as we discuss later, unmeritorious) claim that the sentence imposed upon him is illegal. He asserts that the sentence is illegal because it does not comply with I.C. § 18–309.[2] The language of I.C. § 18–309 is mandatory, and requires that in sentencing a criminal defendant, the sentencing judge give the appropriate credit for prejudgment incarceration. *Law v. Rasmussen,* 104 Idaho 455, 456–57, 660 P.2d 67, 68–69 (1983). Thus, a claim that such credit was not properly given is a claim that the sentence is illegal, since the sentence would have been imposed in violation of I.C. § 18–309. Rodriguez' motion was therefore timely and was properly considered on the merits by the district court.

 We next address the merits of this appeal. Rodriguez contends that the district court's denial of credit for his second presentence incarceration period was error. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Hale,* 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct.App.1989). We find Rodriguez' argument that his sentence is illegal completely without merit. As we stated in *Hale:*

> An entitlement to credit under I.C. § 18–309 depends upon the answer to a simple inquiry: was the defendant's incarceration upon the offense for which he was sentenced? If a particular period of confinement served prior to the imposition of sentence is not attributable to the charge or conduct for which a sentence is to be imposed, the offender is not entitled to credit for such confinement; neither does the sentencing judge err by denying credit under such circumstances.

*Hale* at 765, 779 P.2d at 440. Because Rodriguez' incarceration from October 1986 to February 1987 was for the second

charged offense of intimidating a witness and not for the original offense of theft, the offense for which he was ultimately sentenced, the district court did not err in refusing to give him credit for the October 1986 to February 1987 time period.

We conclude that the calculation of presentence incarceration credit was proper and that Rodriguez' sentence was not illegal. Accordingly, the order of the district court denying Rodriguez' Rule 35 motion to correct his sentence is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

---

2. I.C. § 18–309 states in pertinent part:
   Computation of term of imprisonment.—In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.