HORTON, J.,
concurring.
I join in the Court’s decision. However, I write separately to address the impact of this Court’s decision on a line of decisions from the Idaho Court of Appeals.
The majority decision quotes from the Indiana Supreme Court’s decision in Robinson v. State, 805 N.E.2d 783 (Ind.2004). In Robinson, the claim of an “illegal sentence” related to credit for time served prior to sentencing and corresponding “credit time” under Indiana law. The Indiana court held that the motion to correct sentence “may only be used to correct sentencing errors that are clear from the face of the judgment ...” The impact upon this State’s jurisprudence is this: our Court of Appeals has long held that an incorrect calculation of credit for time served is an illegal sentence which may be corrected at any time under I.C.R. 35.
The Court of Appeals first suggested this view in State v. Hale, 116 Idaho 763, 779 P.2d 438 (Ct.App.1989). In that case, the court did not expressly address the timeliness of Hale’s claim, as it concluded that Hale was not entitled to the credit which he sought. However, in State v. Rodriguez, 119 Idaho 895, 811 P.2d 505 (Ct.App.1991), the court expressly held that Rule 35 provided a basis for a challenge to the legality of a sentence based upon a claim that the trial court incorrectly calculated credit for time served prior to sentencing:
The second issue raised by the state is whether Rodriguez’ Rule 35 motion was timely filed. Rodriguez filed the motion two-and-one-half years after judgment was imposed. Pursuant to Rule 35, the district court has authority to correct an illegal sentence at any time. Rodriguez’ motion under Rule 35 states a colorable (although *89 as we discuss later, unmeritorious) claim that the sentence imposed upon him is illegal. He asserts that the sentence is illegal because it does not comply with I.C. § 18-309. The language of I.C. § 18-309 is mandatory, and requires that in sentencing a criminal defendant, the sentencing judge give the appropriate credit for prejudgment incarceration. Law v. Rasmussen, 104 Idaho 455, 456-57, 660 P.2d 67, 68-69 (1983). Thus, a claim that such credit was not properly given is a claim that the sentence is illegal, since the sentence ivould have been imposed in violation of I.C. § 18-30. Id. at 896-97, 811 P.2d at 506-07 (emphasis added, footnote omitted).
The Court of Appeals has consistently applied this rule in subsequent eases. See e.g., State v. McCarthy, 145 Idaho 397, 179 P.3d 360 (Ct.App.2008). This Court has yet to specifically address this line of authority. However, the computation of time served necessarily involves a factual inquiry beyond “the face of the record” as it requires consideration of jail booking and release records. Thus, today’s decision effectively overrules Rodriguez and its progeny.
Although I agree with the Court’s reasoning and the decision we issue today, there are good reasons for judges to have the power to correct erroneous credit calculations. The holding that judges are without authority to conduct limited factual inquiries as to the duration of presentence incarceration and to correct them sentences means that inmates will have to seek relief by way of an alternative legal avenue. Although an incorrect calculation of presentence credit may be grounds for habeas relief, inmates may well be precluded from asserting that they are being unlawfully confined until the time that them confinement becomes unlawful. In misdemeanor cases and felony cases where the entire unified sentence is fixed, the practical effect is that inmates will serve time in excess of that which they are legally required to serve.
In my view, this Court has a simple and straightforward remedy available to it that will avoid the undesirable side-effect of today’s decision. This Court should amend I.C.R. 35 or adopt a separate rule in order to expressly grant trial judges the authority to correct sentences involving the erroneous computation of credit for time served prior to sentencing.