**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36615**

| | |
|---|---|
| STATE OF IDAHO, | 2010 Unpublished Opinion No. 450 |
| Plaintiff-Respondent, | Filed: May 4, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| JAMES L. GRIFFIN, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

James L. Griffin pled guilty to possession of a controlled substance, methamphetamine. Idaho Code § 37-2732(c)(1). His case was transferred to Mental Health Court and he was placed on supervised probation for the duration of his participation in the Mental Health Court. Subsequently, Griffin admitted to violating the conditions of his probation and, in May 2007, the district court revoked his probation and imposed a unified sentence of five years with two and one-half years determinate.

In May 2009, Griffin filed an Idaho Criminal Rule 35 motion, which the district court denied. Griffin appeals asserting that the district court erred in denying his Rule 35 motion. In his Rule 35 motion, Griffin asserts that his conviction and sentence are illegal, contending that

1

the truck he was driving was not stolen, that the officer's stop of the truck was based on fabricated information resulting in an unlawful search and seizure, that he did not have an attorney with him at the presentence investigation, and that his attorney did not advise him of his Fourth Amendment rights or protect him from an illegal search and seizure.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. Thus, to the extent Griffin's Rule 35 motion is actually based upon an "illegal sentence," the motion was timely. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson,* 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez,* 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). In *State v. Clements*, 148 Idaho 82, 218 P.3d 1143 (2009), the Supreme Court indicated that an "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record and does not raise significant questions of fact or require an evidentiary hearing. Griffin's claims are not cognizable under a Rule 35 motion. Griffin's sentence did not exceed the statutory maximum. Griffin waived all non-jurisdictional defects and defenses by pleading guilty. *State v. Salinas*, 134 Idaho 362, 367, 2 P.3d 747, 752 (Ct. App. 2000). The district court's order denying Griffin's Rule 35 motion is affirmed.