**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36679**

| | |
|---|---|
| STATE OF IDAHO, | ) 2010 Unpublished Opinion No. 619 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 26, 2010 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| BASHKIM SADIKU, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order denying I.C.R. 35 motion for reduction of and correction of illegal sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Bashkim Sadiku pled guilty to aggravated assault. The district court withheld judgment and placed Sadiku on probation for five years. Thereafter, Sadiku admitted to violating the terms of his probation. The district court revoked the withheld judgment and sentenced Sadiku to a unified term of five years, with a minimum period of confinement of two years, but again placed Sadiku on probation. Once again, Sadiku admitted to violating the term of his probation. The district court revoked probation, but reduced Sadiku's sentence to a unified term of five years, with a minimum period of confinement of one year. Sadiku filed an I.C.R 35 motion, which the district court denied. Sadiku appeals.

1

Sadiku first asserts that the district court did not sufficiently reduce his sentence pursuant to his Rule 35 motion and argues that his sentence was also imposed in an illegal manner. Idaho Appellate Rule 35(b) provides that such motions must be filed within fourteen days from the district court's order revoking probation. Sadiku's motion was filed nearly fifteen months after the district court revoked his probation. Therefore, Sadiku's motion for reduction of sentence based upon Rule 35(b) was untimely, and the district court did not err in its denial.

Sadkiu also argues that the district court erred in denying his Rule 35 motion because his sentence was illegal. Pursuant to Rule 35(a), the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

Having reviewed the record in this case, we conclude that Sadiku has failed to demonstrate that his sentence is illegal. Thus, the district court did not err in denying his Rule 35 motion. Therefore, the district court's order denying Sadiku's Rule 35 motion is affirmed.