**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40830**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 807 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RAY M. NICHOLS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Ray M. Nichols was found guilty by a jury of robbery. I.C. § 18-6503. The district court sentenced Nichols to a fixed life term of imprisonment. Nichols filed an I.C.R 35 motion for correction of an illegal sentence, which the district court denied. Nichols appeals.[1]

Mindful of I.C. §§ 18-6503 and 19-2513, Nichols contends that, at the time his sentence was imposed, he could not be sentenced to "fixed life." Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a

_____

[1]     Nichols was also found guilty of burglary and sentenced to a concurrent determinate term of five years. However, he does not challenge this sentence on appeal.

1

question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

Having reviewed the record in this case, we conclude that Nichols has failed to demonstrate that his sentence is illegal. Idaho Code Section 18-6503, when read with I.C. § 19-2513, provided that Nichols could be sentenced to a fixed life term. Thus, the district court did not err in denying Nichols's Rule 35 motion. Therefore, the district court's order denying Nichols's Rule 35 motion is affirmed.