**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41943**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 686 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 21, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DEREK W. LEWIS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Derek W. Lewis pled guilty to second degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003. The district court imposed a unified life sentence with a minimum period of confinement of twenty years. Lewis filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied. Lewis appeals.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

1

Idaho Code § 18-4004 sets the outer limits of the permissible sentence for second degree murder (ten years to life). Idaho Code § 18-107 gave the district court the authority to impose a sentence anywhere within those outer limits, and Idaho Code § 19-2513(1) gave the district court the discretion to determine what portion of the sentence would be determinate or indeterminate. Lewis's unified life sentence with twenty years determinate for second degree murder was consistent with each of these provisions.

Having reviewed the record in this case, we conclude that Lewis has failed to demonstrate that his sentence is illegal. Thus, the district court did not err in denying his Rule 35 motion. Therefore, the district court's order denying Lewis's Rule 35 motion is affirmed.