# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43297

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 533** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 17, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTOPHER LEE MARTIN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Jason D. Scott, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Christopher Lee Martin appeals from the district court's order denying his I.C.R. 35 motion to correct an illegal sentence. Martin argues that the district court erred when it denied his motion to correct the computation of credit for time served. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The state filed a criminal complaint in Valley County charging Martin with felony burglary and malicious injury to property and with misdemeanor petit theft, malicious injury to property and unlawful entry. On February 16, 2007, while Martin was in the custody of Idaho Department of Correction (IDOC) serving a sentence for an unrelated arson conviction, he was

1

served with a hold notice request[1] and warrant for the Valley County charges. Martin was released on parole on August 14, 2009. On August 18, 2009, Martin appeared in Valley County on the 2007 charges and was released on his own recognizance. On September 18, 2009, Martin pled guilty to burglary and the state dismissed the remaining charges. A sentencing hearing was set for November 23, 2009. However, prior to his sentencing hearing, Martin was arrested on a parole violation in connection to his arson conviction and was in the custody of the IDOC. As a result, Martin failed to appear at his scheduled sentencing hearing for the burglary offense in Valley County.

On December 23, 2009, Martin was served with another hold notice request and warrant for missing his sentencing hearing for the burglary offense. Martin's burglary case did not proceed to sentencing until February 28, 2013. The district court sentenced Martin to a unified term of six years, with a minimum period of confinement of one year, to be served concurrently with other unrelated sentences and retained jurisdiction. The district court entered Martin's judgment of conviction on March 1, 2013, noting that "for record purposes only, [Martin] is entitled to credit for fifty-one days" for time served as of February 28, 2013.

Martin filed a motion asking the district court to terminate the rider and relinquish jurisdiction. At the hearing on his motion, Martin also argued that he was entitled to more credit for time served than the district court previously awarded in Martin's judgment of conviction. The district court granted Martin's motion, relinquished jurisdiction, and executed the sentence. However, the district court "reserved jurisdiction" to consider the question of credit for time served. The district court subsequently entered an amended order relinquishing jurisdiction and gave Martin credit for a total of 170 days of time served as of the relinquishment of jurisdiction on June 27, 2013.

Martin filed a motion for credit for time served arguing that he was entitled to credit for time served on his burglary sentence for the time periods spent following service of the burglary-related warrants while incarcerated for his arson conviction and parole violation. The

---

[1]     The hold notice request was a notice from the Valley County Sheriff to the IDOC notifying the IDOC that Valley County had a warrant for Martin and requesting a detainer on him.

district court found that Martin was not entitled to the requested credit for time served and denied his motion.  Martin appeals.

## II.

## ANALYSIS

Martin argues the district court erred in denying his motion for credit for time served.  He contends that the plain language of I.C. § 18-309 mandates credit for all of his prejudgment incarceration because he was incarcerated for the burglary offense from the service date of the original burglary-related warrant on February 16, 2007, until he was released on his own recognizance on August 18, 2009, and from the service date of the second burglary-related warrant on December 23, 2009, to the district court's relinquishment of jurisdiction on June 27, 2013.  In total, Martin contends that he was entitled to credit for approximately 2,204 days.  Conversely, the state argues that Martin is not entitled to credit toward his burglary sentence for the time spent incarcerated on the arson conviction and subsequent parole violation.

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005).  We defer to the district court's findings of facts, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous.  *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

The awarding of credit for time served is governed by I.C. § 18-309(1), which provides:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, *if such incarceration was for the offense or an included offense for which the judgment was entered*.  The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

(emphasis added).  The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration.  *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014).  *See also Law v. Rasmussen*, 104 Idaho 455, 456-57, 660

3

P.2d 67, 68-69 (1983); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id. See also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. *See also Law*, 104 Idaho at 456-57, 660 P.2d at 68-69; *Rodriguez*, 119 Idaho at 897, 811 P.2d at 507. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Moore*, 156 Idaho at 21, 319 P.3d at 505.

However, the I.C. § 18-309 phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" means that the right to credit is conferred only if the prejudgment incarceration was a consequence of or attributable to the offense or included offense for which the sentence is imposed. *Vasquez*, 142 Idaho at 68, 122 P.3d at 1168; *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993); *Rodriguez*, 119 Idaho at 897, 811 P.2d at 507; *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989). Credit is to be given only if the presentence incarceration was caused by the offense for which a sentence is being imposed. *Horn*, 124 Idaho at 850, 865 P.2d at 177. Moreover, when a defendant is charged with a second crime while already incarcerated for a first offense, credit is not authorized if the pending proceeding does not affect the defendant's liberty. *State v. Dorr*, 120 Idaho 441,443, 816 P.2d 998, 1000 (Ct. App. 1991). The purpose of I.C. § 18-309 is to eliminate unequal treatment of indigent prisoners who, because they were unable to post bail, are confined longer than their wealthier counterparts. *Dorr*, 120 Idaho at 443, 816 P.2d at 1000.

Martin argues that this Court's precedent has gone beyond the plain language of I.C. § 18-309 and has been undermined by the Idaho Supreme Court's decision in *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015). Martin contends that, under *Owens*, I.C. § 18-309 does not restrict credit for time served to situations where the incarceration was only for the offense

4

for which the judgment was entered, thereby entitling defendants to credit for prejudgment time served on each offense, even if the prejudgment time served was a consequence of multiple offenses. Consequently, Martin asserts that, once the warrants related to his burglary offense were served on him while he was incarcerated for his arson conviction and parole violation, he became incarcerated "for the offense" in this case and is therefore entitled to credit for time served even though the periods of prejudgment incarceration were a consequence of multiple offenses.

Martin's reliance on *Owens* is misplaced. In *Owens*, the district court granted the defendant credit for his prejudgment time served on only one of eight counts of issuing a check without funds. *Id*. at 3, 343 P.3d at 32. In reading the plain language of I.C. § 18-309, the Idaho Supreme Court noted that, although the word "offense" is singular, the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" describes the type of incarceration for which the defendant is entitled to credit. *Owens*, 158 Idaho at 4, 343 P.3d at 33. Thus, the Court held that, if the defendant's prejudgment jail time was for "the offense" the defendant was convicted of and sentenced for, the defendant was entitled to that credit. The defendant in *Owens* was incarcerated before trial for multiple counts of issuing a check without funds. After conviction, he was sentenced on each of the eight separate offenses but only received credit for time served for one of the eight offenses. The Court therefore concluded the defendant was entitled to credit for the prejudgment time he served on all of the eight offenses.

Martin's proposed application of I.C. § 18-309 to this case would render meaningless the statute's language "for which the judgment was entered." This language defines the type of offense or offenses for which a defendant's incarceration may be counted as time served. Moreover, the *Owens* holding does not overrule our precedents in *Vasquez* and *Horn*. Rather, the same limit articulated by this Court--that incarceration must be a consequence of or attributable to the offense or conduct for which the sentence is imposed--applied in *Owens* because the incarceration was a consequence of the eight offenses with which he was convicted and sentenced.

Here, there are two periods of time for which Martin seeks credit for time served; February 16, 2007, to August 14, 2009, and December 23, 2009, to June 27, 2013. First,

concerning the time period following service of the first warrant, February 16, 2007, to Martin's parole, August 14, 2009, the district court found that Martin was not entitled to credit for time served because his incarceration was not related to the burglary offense. On appeal, Martin does not challenge that, at the time of service of the warrant, he was incarcerated for his prior arson conviction. We note that had Martin not been awaiting proceedings for the burglary offense, he would have been serving his arson sentence in prison. Martin was served the first warrant for the burglary offense while he was already incarcerated for the arson conviction. As a result, Martin's incarceration prior to being paroled could not be attributable to the burglary offense, and that offense had no effect upon his liberty. The district court therefore did not err in denying Martin's motion for credit for time served between February 16, 2007, and August 14, 2009, because his incarceration during this time period was not for the burglary offense for which judgment was entered.

Second, concerning the time period following service of the second warrant from December 23, 2009, to June 27, 2013, the district court noted that Martin had received credit for time served from January 14, 2013, to June 27, 2013. However, the district court found that Martin was not entitled to credit for the time served prior to his transport to Valley County and resumption of proceedings related to the burglary offense on January 14, 2013, because this period of incarceration was a consequence of Martin's parole violation. Martin's parole was in connection to his previous arson conviction and resulted in further incarceration. Consequently, Martin failed to appear for his sentencing hearing. Proceedings in connection to Martin's burglary offense were not reinitiated until January 2013.[2] Had Martin not been awaiting further sentencing proceedings in his burglary offense following his failure to appear, Martin would have been in prison serving his arson sentence. Martin was served the second warrant (for failing to appear at his sentencing hearing) while he was already incarcerated for violating his parole. Moreover, Martin had been out on bond in his burglary case awaiting sentencing when he was arrested for the parole violation. As a result, Martin's incarceration prior to January 14, 2013, could not be attributable to the burglary offense, and that offense had no effect upon his liberty. The district court therefore did not err in denying Martin's motion for credit for time

---

[2]     Martin was in the custody of the IDOC. At sentencing, the district court recognized the time Martin had spent in custody and indicated that it was imposing a lesser sentence as a result.

6

served between December 23, 2009, and January 14, 2013, because his incarceration during this time period was not for the burglary offense for which judgment was entered.

### III.

### CONCLUSION

Martin is not entitled to the requested credit for time served toward his sentence because he has failed to prove that his presentence confinement was caused by, or attributable to, the offense in this case. Accordingly, the order of the district court denying Martin's Rule 35 motion seeking credit for time served is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.