**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43957**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 603 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM JERMAINE FLETCHER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying motion to withdraw guilty plea and correction of illegal sentence, affirmed.

William Jermaine Fletcher, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

William Jermaine Fletcher appeals from the district court's order denying Fletcher's motion to withdraw his guilty plea and to correct an illegal sentence. For the reasons set forth below, we affirm.

In 2013, Fletcher entered an *Alford*[1] plea to one count of injury to a child, I.C. § 18-1501(1), which was amended from the original grand jury indictment of two counts of lewd conduct with a minor child under the age of sixteen. The district court sentenced Fletcher to a unified term of ten years, with a minimum period of confinement of three years, and retained jurisdiction. Fletcher filed an I.C.R. 35 motion for a reduction of his sentence. The district court

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

relinquished jurisdiction, ordered execution of Fletcher's sentence, and later entered an order denying Fletcher's Rule 35 motion. Fletcher appealed both orders, which this Court affirmed in an unpublished opinion. *State v. Fletcher*, Docket No. 41871 (Ct. App. Nov. 3, 2014). Subsequently, Fletcher filed a petition for post-conviction relief, which the district court summarily dismissed. Fletcher appealed and this Court affirmed in an unpublished opinion. *Fletcher v. State*, Docket No. 42568 (Ct. App. Aug. 6, 2015).

Fletcher has filed a number of additional motions in the district court concerning his pretrial detainment, guilty plea, conviction and sentence, all of which were denied. Most recently, Fletcher filed a motion to withdraw his guilty plea under I.C.R. 33 and to correct an illegal sentence under Rule 35. Fletcher alleged his due process rights were violated as a pretrial detainee, his plea agreement was breached, and his conduct did not meet the requirements for a felony conviction, thus justifying withdrawal of his plea and making his sentence illegal. Noting that Fletcher's motion was duplicative of several previously denied motions, the district court denied the motion for the same reasons it had denied Fletcher's previous motions. Fletcher appeals.

Initially, we review whether the district court erred in denying Fletcher's Rule 33 motion. Fletcher argues that his plea was not knowing and voluntary. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* However, when a judgment has become final by virtue of its affirmance on appeal, the trial courts lack jurisdiction to consider motions to withdraw a plea. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003) (holding that, absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal). In this case, the district court relinquished jurisdiction on January 30, 2014. This Court reviewed and affirmed the district court's orders on November 3, 2014, and a remittitur was issued on November 24, 2014. Consequently, the district court lacked jurisdiction to consider Fletcher's

motion to withdraw his plea. Accordingly, we conclude no abuse of discretion has been shown by the district court in its order denying Fletcher's Rule 33 motion.

Next, we review whether the district court erred in denying Fletcher's Rule 35 motion. Fletcher contends that his sentence was illegal and should be vacated. Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a narrow rule and, because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148. Fletcher's sentence of a unified term of ten years, with a minimum period of confinement of three years, is legal on its face. The district court properly denied Fletcher's motion and his sentence is well within the statutory maximum for felony injury to a child and is not otherwise contrary to applicable law. Moreover, Fletcher's allegations of multiple other grounds cited as supporting his illegal sentence claim constitute a collateral attack on the underlying conviction and are beyond the scope of a Rule 35 motion. Therefore, Fletcher has failed to show the district court abused its discretion in denying his Rule 35 motion.[2]

---

[2]     We note that the relief sought by Fletcher may be construed as a request for a sentence reduction. Idaho Criminal Rule 35 vests the trial court with jurisdiction to consider and act upon a motion to reduce a sentence that is filed within 120 days after the entry of a judgment of conviction unless that motion is to correct an illegal sentence. Rule 35 further provides that no defendant may file more than one motion seeking a reduction of sentence. The prohibition of successive motions under Rule 35 is jurisdictional. *State v. Bottens*, 137 Idaho 730, 732-33, 52

The district court's order denying Fletcher's motion to withdraw his guilty plea under Rule 33 and to correct an illegal sentence under Rule 35 is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

---

P.3d 875, 877-78 (Ct. App. 2002). Prior to the Rule 35 motion at issue here, Fletcher had filed a motion for reduction of sentence on November 25, 2013. Therefore, to the extent that Fletcher again seeks a reduction of his sentence, such a motion is successive.