**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44690**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 594** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  September 25, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **ROBERT ARTHUR RICHMOND,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Richard D. Greenwood, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Robert Arthur Richmond was found guilty of aggravated assault, Idaho Code §§ 18-901(a), 18-905(b), with a persistent violator enhancement, I.C. § 19-2514.  The district court imposed a unified sentence of nine years, with a minimum period of confinement of two years, and retained jurisdiction.

Richmond filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence was illegal because the felony convictions upon which his persistent violator enhancement was based were later reduced to misdemeanors.  The district court denied Richmond's motion, finding that Richmond's sentence was not illegal.  Richmond appeals.

1

In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Richmond's sentence was not illegal. Therefore, the district court properly denied Richmond's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Richmond's Rule 35 motion is affirmed.