**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44974**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 341 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 26, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| FARON RAYMOND HAWKINS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying Idaho Criminal Rule 35(a) motion, <u>affirmed</u>.

Faron Raymond Hawkins, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Faron Raymond Hawkins appeals the district court's denial of his Idaho Criminal Rule 35(a) motion for correction of an illegal sentence. Hawkins argues his sentences are illegal and his judgment of conviction should be vacated. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2008, after a jury found Hawkins guilty of two counts of robbery, Idaho Code § 18-6501, the district court sentenced Hawkins to two concurrent unified terms of life, with thirty years determinate. Hawkins appealed, arguing the district court erred by not ordering a competency evaluation sua sponte. *State v. Hawkins*, 148 Idaho 774, 777, 229 P.3d 379, 382 (Ct. App. 2009). This Court vacated the judgment of conviction and remanded the case. *Id.* at 783, 229 P.3d at 388. On remand, the district court found Hawkins was competent both at the time of the competency proceedings and at the time of his January 2008 trial. However, the district court

1

concluded it was required to conduct a new trial based on the Court of Appeals' ruling that it was not possible to make a retroactive competency determination. The State filed a permissive appeal, which was granted. The Idaho Supreme Court held that neither the law of the case doctrine nor Idaho Appellate Rule 38 prohibited the district court from making a retroactive competency determination, but declined to rule on whether a retroactive competency determination violated Hawkins' due process rights. *State v. Hawkins*, 155 Idaho 69, 75, 305 P.3d 513, 519 (2013).

On remand, Hawkins elected to proceed pro se. The district court informed Hawkins of his right to counsel and conducted an extensive *Faretta*[1] inquiry before permitting Hawkins to proceed. Hawkins then filed numerous pro se motions. The district court deferred ruling on the motions, concluding that the sole issue before it was whether Hawkins was competent in 2008 to stand trial. After additional proceedings to ensure Hawkins' competency, the district court found Hawkins was competent to stand trial in 2008 and reimposed the judgment and sentences. Hawkins appealed, arguing that the retroactive competency determination violated his due process rights. *State v. Hawkins*, 159 Idaho 507, 512, 363 P.3d 348, 353 (2015). Hawkins also argued that the district court erred in permitting Hawkins to represent himself. *Id.* Hawkins subsequently filed a "Closing Brief of Appellant" which largely repeated the issues that the district court declined to address and were not addressed in his opening brief. *Id.* at 516-17, 363 P.3d at 357-58.

The Idaho Supreme Court held that Hawkins' due process rights were not violated and affirmed Hawkins' judgment of conviction and concurrent life sentences. *Id.* at 512-17, 363 P.3d at 353-58. It also determined that the district court did not err in determining Hawkins was competent to stand trial nor in permitting Hawkins to represent himself. *Id.* at 514-15, 363 P.3d at 355-57. In addition, the Idaho Supreme Court declined to address the additional issues Hawkins raised in his "Closing Brief." *Id.* at 517, 363 P.3d at 358.

Hawkins took no further action until twelve months after the remittitur was issued, when he filed a pro se Idaho Criminal Rule 35(a) motion for correction of an illegal sentence. Two months later, he filed an essentially identical Rule 35(a) motion, which the district court denied. Hawkins timely appeals.

---

[1]     *Faretta v. California*, 422 U.S. 806 (1975).

## II.

## STANDARD OF REVIEW

Pursuant to Rule 35(a), the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

## III.

## ANALYSIS

A Rule 35(a) motion to correct an illegal sentence may be brought at any time. I.C.R. 35(a). However, Rule 35(a) is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35(a) should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35(a) is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. The purpose of Rule 35(a) is to allow courts to correct illegal sentences, not to reexamine errors occurring at trial or before the imposition of the sentence. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Therefore, Rule 35(a) "only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law." *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

On appeal, Hawkins raises forty-two issues. Although he appeals only from the denial of his Rule 35(a) motion, Hawkins urges this Court to fully review his judgment of conviction. Every challenge Hawkins raises stands for the basic premise that, because of alleged habitual and systematic violations of his constitutional, federal, state, fundamental and substantive rights, his judgment of conviction was illegal. He argues that since his judgment of conviction was illegal, his sentences are illegal. Therefore, to "correct" his illegal sentences, he must be permitted to attack his judgment of conviction along with his sentences.

In *Housley v. State*, 119 Idaho 885, 881 P.2d 495 (Ct. App. 1991), this Court held that an attack on a defendant's underlying conviction is outside the scope of a Rule 35(a) motion to correct an illegal sentence. In reaching this conclusion we noted that a Rule 35(a) motion does

3

not encompass a challenge to the underlying conviction on the premise that because the conviction was illegal the sentence is illegal. *Id.* at 889, 881 P.2d at 499. Applying this reasoning to the instant case, we conclude that Hawkins' allegations, which solely attack the validity of his judgment of conviction and not the legality of his sentences, are beyond the scope of a Rule 35(a) motion.

Under Rule 35(a), a sentence is illegal if it is in excess of a statutory provision or is otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003). In the instant case, the maximum possible sentence for robbery is life imprisonment. *See* I.C. § 18-6503. Hawkins was found guilty of two counts of robbery. He was sentenced to two concurrent unified sentences of life, with thirty years determinate. Such a sentence is a permissible sentence under the applicable statute. Therefore, Hawkins' sentences are not illegal for purposes of Rule 35(a).

## IV.

## CONCLUSION

Hawkins' sentences for each robbery charge are within the applicable statutory limits and therefore are not illegal. Moreover, Hawkins' challenges are collateral attacks on his underlying judgment of conviction, which is outside the scope of a Rule 35(a) motion. Accordingly, we affirm the district court's denial of Hawkins' Rule 35(a) motion.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

4