**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40673**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 8** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: February 5, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| ALBERT RAY MOORE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order granting motion for credit for time served, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Albert Ray Moore appeals the district court's order granting his motion for credit for time served. Specifically, Moore alleges that the district court violated his right to due process in calculating his credit for time served because, in doing so, it acted as prosecutor. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

This is Moore's fourth direct appeal in this matter.[1] In September 2006, Moore was charged with driving under the influence (DUI). I.C. § 18-8004. The charge was enhanced to a felony based on his two prior felony DUI convictions within the last ten years. I.C.

---

[1] Moore has also pursued two unsuccessful post-conviction challenges. *See Moore v. State*, Docket No. 38591 (Ct. App. Sept. 17, 2012) (regarding the conviction for his April 2007 DUI) and *Moore v. State*, Docket No. 39523 (Ct. App. Apr. 15, 2013) (regarding the conviction for his September 2006 DUI).

§ 18-8005(6). One of the convictions was for DUI in North Dakota. In April 2007, Moore was again charged with DUI, which was enhanced to a felony based on the same two prior DUIs.

Moore entered an *Alford*[2] plea to the September 2006 felony DUI, preserving his right to appeal, among other things, the issue of whether the North Dakota conviction was a substantially conforming foreign DUI conviction.[3] He went to trial for the April 2007 felony DUI and a jury found him guilty. Moore was sentenced to concurrent unified terms of six years, with minimum periods of confinement of one year. He was also given credit for 848 days of time served prior to entry of the judgments of conviction.

Moore appealed in both cases. The two cases were consolidated, and we affirmed the district court's finding that the North Dakota DUI was substantially conforming. *See State v. Moore*, 148 Idaho 887, 896-99, 231 P.3d 532, 543-46 (Ct. App. 2010). However, we vacated the judgment of conviction for his April 2007 DUI because the documentary evidence of the North Dakota conviction was not properly authenticated and, therefore, had been wrongly admitted at trial. *Id.* at 892-94, 231 P.3d at 537-39. In a footnote, this Court noted that, while not an issue on appeal, "a review of the record indicates that between his arrest on September 3, 2006, and sentencing on December 31, 2008, Moore was incarcerated for a total of 470 days as a result of the two DUI charges." *Id.* at 891 n.5, 231 P.3d at 536 n.5. With regard to the September 2006 case, this Court remanded to the district court to determine whether the terms of Moore's conditional guilty plea would allow him to withdraw his plea based on the evidentiary trial error in his April 2007 DUI case. The district court determined that the reservations of his conditional guilty plea were not that broad and that Moore would not be permitted to withdraw his plea. The district court also recalculated Moore's credit for time served and reduced it from 848 days to 477 days pursuant to the state's motion over Moore's objection. Moore appealed, but he did not challenge the calculation of the credit for time served. We affirmed. *See State v. Moore*, 152 Idaho 203, 204-06, 268 P.3d 471, 472-74 (Ct. App. 2011).

Moore filed a pro se I.C.R. 35(a) motion to correct an illegal sentence. The district court denied his motion without comment and we affirmed in an unpublished opinion, concluding that

---

[2]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[3]     *See* I.C. § 18-8005(6). At the time of Moore's conviction, the relevant statutory provision was found at I.C. § 18-8005(5). However, the statute was amended and renumbered in 2009. *See* 2009 Idaho Sess. Laws, ch. 184, at 597.

all of Moore's claims in that motion were barred by the doctrine of res judicata. *See State v. Moore*, Docket No. 39914 (Ct. App. Dec. 19, 2012).

Moore thereafter filed a motion for credit for time served. In its order setting the motion for a hearing, the district court stated it believed it had previously awarded Moore too much credit and asked for briefing on the issue. Moore briefed the issue and the state did not. At the hearing on Moore's motion, the district court again recalculated Moore's credit. The district court entered an order granting Moore's motion and awarding him 407 days. Moore appeals.[4]

## II.

## ANALYSIS

On appeal, Moore does not challenge the district court's calculation of his credit for time served. Instead, Moore alleges that the district court took on the role of prosecutor when it determined sua sponte that it had previously given Moore too much credit for time served.[5] This amounted, he contends, to suggesting strategy to the state, which violated his due process rights. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

Moore argues that, because he objected to the district court's actions at the hearing on his motion for credit for time served, the harmless error standard should apply. *See State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010). The state responds that Moore's objection was based solely on his claim that the state was procedurally barred from participating in the hearing because it had failed to file a written response before the hearing as requested by the district court. Thus, according to the state, the alleged error was not objected to and should

---

[4]     This Court has taken judicial notice of the records on appeal from Moore's two prior felony DUI cases, Docket Nos. 35486 and 36033; his appeal of the district court's second amended judgment of conviction, Docket No. 38285; and the unpublished affirmance of the denial of Moore's initial Rule 35 motion, Docket No. 39914.

[5]     Moore also asserts that the district court had "not followed the normal procedure" by allowing the state to participate in the hearing after it failed to provide written briefing as requested by the district court. However, Moore provides no authority or argument to support the proposition that a failure to file written briefing ahead of a motion hearing bars participation in that hearing. As such, we do not consider this argument on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

therefore be subject to the *Perry* fundamental error standard. *See id.* at 228, 245 P.3d at 980. However, we need not determine whether the alleged error was objected to, as the record reveals that no constitutional violation has occurred.

The right to due process requires an impartial judge. *State v. Sandoval-Tena*, 138 Idaho 908, 913, 71 P.3d 1055, 1060 (2003); *State v. Lankford,* 116 Idaho 860, 875, 781 P.2d 197, 212 (1989). Although a court must avoid the appearance of advocacy or partiality, it is not expected to sit mute and impassive, speaking only to rule on motions or objections. *United States v. Sanchez-Lopez,* 879 F.2d 541, 552-53 (9th Cir. 1989); *Sandoval-Tena*, 138 Idaho at 913, 71 P.3d at 1060. If a judge engages in prosecutorial acts, such acts may be violative of the defendant's constitutional rights. *Sandoval-Tena*, 138 Idaho at 913, 71 P.3d at 1060; *Lankford*, 116 Idaho at 875, 781 P.2d at 212.

The question of whether a court may sua sponte raise the issue that a defendant may have been given too much credit for time served has not been directly addressed by Idaho courts. However, the Idaho Supreme Court has previously addressed the similar issue of whether a trial judge may make suggestions to a prosecutor outside the presence of the jury without compromising the impartiality of the court. *See Sandoval-Tena*, 138 Idaho at 913-14, 71 P.3d at 1060-61. In *Sandoval-Tena*, the defendant claimed that the district court violated his due process right to an impartial judge by informing the prosecutor during a recess that the prosecutor had failed to elicit certain testimony from a state witness. The Court noted that the jurisdictions that have addressed this issue have found that such action is proper.[6] It then concluded that the

---

[6]    *See United States v. Wilkerson*, 208 F.3d 794, 797-98 (9th Cir. 2000) (holding that a district court's inquiry as to why the state had not filed a certain charge was not improper); *People v. Walter*, 413 N.E.2d 542, 543-44 (Ill. App. Ct. 1980) (holding that it was not improper for a trial court to suggest to the state the necessity of evidence on two particular issues); *Banks v. State*, 351 N.E.2d 4, 15-16 (Ind. 1976) (holding it was not improper of a trial court judge to suggest to the state that it consider calling a certain expert witness); *Commonwealth v. Shine*, 500 N.E.2d 1299, 1308-09 (Mass. 1986) (holding that it was not improper for a trial judge to admit the state's material evidence after it had rested and to suggest that the state reopen its case to elicit certain testimony from a witness); *State v. Bird*, 214 S.W.2d 38, 39 (Mo. 1948) (holding that it was not improper for a trial court to suggest that the state, after the close of its evidence, reopen the case to prove venue); *State v. Tygart*, 673 S.W.2d 83, 87 (Mo. Ct. App. 1984) (holding that a trial judge's suggestion, outside the presence of the jury, that the state correct an obvious typographical error in the information was proper); *Village of Lodi v. McMasters*, 511 N.E.2d 123, 124 (Ohio Ct. App. 1986) (holding that it was not improper for a judge to suggest, outside the presence of the jury, questions for the state to ask a witness); *but see Robinson v.*

district court's actions in that case were also proper because it did not evidence partiality or usurp the role of the prosecutor. *Id.* at 914, 71 P.3d at 1061. Moreover, the Court noted that the suggestion was made in the process of the district court questioning its own ruling, showing no partiality. *Id.*

Here, the district court indicated to the parties in response to Moore's motion for credit for time served that it was questioning the prior credit, believing it awarded too much time. The district court did not err in doing so. The awarding of credit for time served is governed by I.C. § 18-309.[7] The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or (as in this case) when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *See Law v. Rasmussen*, 104 Idaho 455, 456-57, 660 P.2d 67, 68-69 (1983); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *See State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *See Law*, 104 Idaho at 456-57, 660 P.2d at 68-69; *Rodriguez*, 119 Idaho at 897,

---

*United States*, 513 A.2d 218, 222 (D.C. 1986) (finding that a trial court erred in suggesting to the state a strategic course the state had not pursued, but finding the error harmless in light of the record as a whole).

[7]     Idaho Code Section 18-309 provides:

>       In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

811 P.2d at 507. *See also State v. Clark*, 772 N.W.2d 559, 563 (Neb. 2009) (stating that the credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record, so the court has no discretion to grant the defendant more or less credit than is objectively established by the record). Thus, the statute may properly be read as entitling the defendant to credit for only time *actually* served prior to entry of judgment in the case.

Moreover, under I.C.R. 35(c), the district court had jurisdiction to make this determination upon Moore's motion for credit for time served. The district court is not bound to accept either party's calculations of the appropriate credit for time served in a Rule 35(c) motion. Instead, it is the district court's duty to determine the accurate credit for time served as reflected by the record and award that time accordingly.

That is all the district court did here. Its actions neither usurped the prosecutor's role nor showed partiality. The district court fulfilled its obligation to give the correct credit for time served. Indeed, even if the district court had not suggested its belief that the prior award was incorrect and excessive and the state had not made a corresponding argument, the district court could still have awarded only the amount of credit for time served to which Moore was actually entitled. As a result, there was no due process violation or other constitutional error.

## III.

## CONCLUSION

Moore has failed to show that the district court's actions violated his constitutional due process rights. The district court's actions were in accord with its statutory constraint to only award the accurate amount of credit for time actually served. Accordingly, we affirm the district court's order granting Moore's motion for credit for time served.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**