**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44253**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 355 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 3, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHANCELLOR SCOTT BAKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Chancellor Scott Baker appeals from the district court's order denying his motion for credit for time served. Baker argues the district court erred when it denied his motion for credit for time served because the district court failed to give credit for the time Baker spent in Canadian custody. Because Baker was not held on Idaho charges while he was in Canadian custody, we affirm the district court's denial of Baker's motion for credit for time served.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Baker with one count of aiding and abetting aggravated battery, Idaho Code §§ 18-903(b), 18-907(b), and 18-204, and one count of kidnapping in the first degree, I.C. §§ 18-4501 and 18-4502. After pleading not guilty, Baker posted bail and was released. However, Baker was not present for a scheduled status conference and the district court issued a bench warrant for Baker's arrest.

1

The same year, Baker was arrested in St. Johns, New Brunswick, for a hit and run crime that occurred in Canada. Baker pleaded guilty to the charge in Canada and was sentenced to serve two years and ten months at a Canadian prison. When Baker completed his sentence in Canada, he was transported to the United States-Canada border, where he was released to local law enforcement in Maine. Once in Maine, Baker was served with the warrant of arrest issued by the district court in Canyon County, Idaho.

Baker was extradited back to Idaho and entered into a plea agreement with the State. Pursuant to the agreement, Baker pleaded guilty to the charge of aiding and abetting aggravated battery and the State dismissed the kidnapping charge. Baker had other criminal charges that were resolved by the plea agreement; those charges are not at issue in this appeal. The district court imposed a unified sentence of fifteen years, with eight years determinate, for aiding and abetting aggravated battery. Baker received credit for 201 days of incarceration prior to the entry of judgment pursuant to I.C. § 18-309. Baker filed a pro se motion for credit for time served, seeking to receive credit for the two years and ten months he spent in Canadian custody. The district court denied Baker's motion for credit for time served. Baker timely appeals.

## II.

## STANDARD OF REVIEW

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *Id*. Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

The award of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that in sentencing a criminal defendant or when hearing an Idaho Criminal Rule 35(c) motion for credit for time served, the court shall give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated

2

before judgment. *Id.  See also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement).  Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that.  *Moore*, 156 Idaho at 21, 319 P.3d at 505.  Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case.  *Id.*

## III.

## ANALYSIS

Baker argues the district court erred when it denied his motion for credit for time served because Baker received no credit for time served in Canadian custody.  The State responds that the time Baker spent in Canadian custody was unrelated to the Idaho charges; therefore, Baker is not entitled to credit for that time served.

The parties agree on the controlling authority.  Idaho Code § 18-309(1) states, in relevant part:  "In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered."  In *State v. Vasquez*, 142 Idaho 67, 122 P.3d 1167 (Ct. App. 2005), this Court explained the causation that is required before a defendant can receive credit for pre-judgment incarceration.

> The statute's phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" means that the right to credit is conferred only if the prejudgment incarceration is a *consequence* of or *attributable* to the charge or conduct for which the sentence is imposed.  Thus, there must be a causal effect between the offense and the incarceration in order for the incarceration to be "for" the offense, as the term is used in I.C. § 18-309.

*Vasquez*, 142 Idaho at 68, 122 P.3d at 1168 (internal citations omitted).  In *Vasquez*, this Court held that a defendant is not entitled to credit for time served when he is detained on unrelated charges in a different location.

Here, Baker is not entitled to credit for his time served in Canadian custody.  Like the defendant in *Vasquez*, who was subject to confinement for unrelated charges in a different county, Baker was confined in Canada on a Canadian hit and run charge.  The arrest and conviction in Canada was unrelated to the Idaho charges that are currently at issue.  Because

3

there is no causal relationship between the Idaho offense and the Canadian incarceration, Baker is not entitled to credit for his time served in Canada.

## IV.

## CONCLUSION

Because Baker is seeking credit for time he was incarcerated in Canada for Canadian charges which were unrelated to the crimes committed in Idaho, we affirm the district court's denial of Baker's motion for credit for time served.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.