IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42576

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 360 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 8, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| EDWARD NICHOLAS BURSIEL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order revoking probation, affirmed; order denying credit for time served, reversed and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Edward Nicholas Bursiel appeals from the district court's order revoking probation and order denying his motion for credit for time served. Bursiel argues the district court failed to consider important mitigating factors in revoking probation. He also argues the court erred in denying credit for time served. We affirm the district court's order revoking probation. However, because the district court did not adequately consider Bursiel's motion for credit for time served and the State concedes this error, we reverse the order and remand this case to the district court for purposes of determining credit for time served.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bursiel was arrested and charged with one count of enticing a child through use of the Internet, Idaho Code § 18-1509A, and one count of disseminating material harmful to minors,

I.C. § 18-1515.  Pursuant to a plea agreement, Bursiel pleaded guilty to Internet enticement and the State dismissed the charge of disseminating material harmful to minors.  The district court sentenced Bursiel to a prison term consisting of five years determinate and five years indeterminate, suspended the sentence, and retained jurisdiction.  Bursiel appealed the sentence, and on appeal the parties stipulated to a remand of the case.  On March 20, 2015, after Bursiel successfully completed the period of retained jurisdiction, the district court suspended Bursiel's sentence and placed him on probation for three years.

Through an interstate compact agreement, Bursiel transferred his probation from Idaho to Washington.  Bursiel was alleged to have violated the terms of his probation on multiple occasions and, beginning on April 29, 2015, was in custody in Washington as a result.[1]  After learning of the probation violations, the district court issued a bench warrant for Bursiel's arrest on June 26, 2015, which was served on Bursiel July 2, 2015, in Benton County Jail, in Kennewick, Washington.  Bursiel posted bond and was released from custody on August 7, 2015.

On September 28, 2015, while allegations of the previous probation violations were still pending, Bursiel was accused of additional probation violations.  After holding an evidentiary hearing, the district court found that Bursiel had violated the terms of his probation.  The district court revoked Bursiel's probation as a result of the violations and executed the underlying sentence.  Thereafter, the district court entered an amended judgment that imposed a sentence of thirteen years, with three years determinate.  Bursiel filed an Idaho Criminal Rule 35 motion for a reduction of the sentence, which the district court denied.

The district court granted Bursiel 353 days credit for time served.  During the hearing, Bursiel argued he was owed credit for 113 days more than the State agreed to--an additional seventy-one days credit for the time between April 29 and July 8, and another forty-two days credit for the time between October 8 and November 19.  From the bench, the district court ruled Bursiel was not entitled to the seventy-one days credit because the time he spent in custody in Washington occurred prior to the issuance of the probation violation bench warrant.  In a written

---

[1]    Although the record does not contain specific details of the arrest, there is evidence in the record to indicate that Bursiel was in custody in Washington beginning on April 29, 2015.  At the March 31, 2016, hearing regarding the amended motion for reconsideration, defense counsel explained on three occasions that Bursiel was arrested and in custody on April 29 (although counsel mistakenly spoke of 2016, rather than 2015).

order the following week, the district court also denied the forty-two days credit Bursiel requested.

Bursiel filed a pro se I.C.R. 35 motion for credit for time served on July 25, 2016. Included with the motion was evidence establishing his days in custody in Washington. Bursiel requested credit for time served for the seventy-seven days he spent in custody in Washington from May 1 to July 16, 2015. The district court denied this motion without a hearing, stating "the issue of credit for time served has already been decided." Bursiel timely appeals from the district court's order revoking probation and order denying his motion for credit for time served.

## II.

## ANALYSIS

### A. The District Court Did Not Err When It Revoked Probation

Bursiel argues the district court abused its discretion in revoking probation and executing the underlying sentence. We disagree.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

3

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Bursiel's sentence. Therefore, we affirm the order revoking probation and directing the execution of Bursiel's previously suspended sentence.

**B.** **The District Court Erred When It Failed to Adequately Consider Bursiel's Motion for Credit for Time Served**

Bursiel argues he is entitled to credit for the time he was incarcerated in Washington, since he provided evidence to prove he was in custody in Washington and the district court failed to consider the issue before making its decision. The State concedes that the district court failed to consider the merits of Bursiel's motion.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. *See also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

Here, the district erred when it failed to consider Bursiel's motion for credit for time served. After violating conditions of probation, Bursiel was arrested in Benton County, Washington, on May 1, 2015,[2] and was incarcerated until July 8 as a result. At a hearing on the matter, Bursiel requested 113 days credit in addition to the State's suggested 353 days. Those

---

[2] The record is unclear whether the time in custody began on April 29 or May 1, 2015. Bursiel used both dates in his motions for credit for time served. The difference in date is not dispositive to the issue on appeal.

113 additional days included seventy-one days spent in Washington custody which Bursiel argued were related to the case in Idaho. The district court responded:

> So I can rule from the bench that he's not--he will not get those 71 days. He--there was no bench warrant; there was no probation violation filed. So the fact that he got arrested on something in Spokane and was in custody, he is not entitled to credit for time served until this Court issued a warrant and we served him with it.

Later, following a pro se motion by Bursiel that again requested credit for time served and provided evidence of incarceration, the district court stated: "the issue of credit for time served has already been decided" and denied the motion.

Bursiel and the State agree the district court erred in its denial of Bursiel's motion for credit for time served. Given that, and the state of the law, we reverse the district court's order denying credit for time served and remand this case on the issue of credit for time served.

## III.

## CONCLUSION

Because it properly considered the probation violations and the sentence at issue, we affirm the district court's revocation of probation. However, we reverse the district court's order denying credit for time served, and remand this case for the district court to properly consider Bursiel's motion for credit for time served.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.