BRODY, Justice,
dissenting.
I respectfully dissent from the opinion of the majority. Idaho Code section 18-309 governs credit for time served:
(1) In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.
I.C. § 18-309. The question raised in this case was whether a party may receive credit for presentence incarceration where that party was already incarcerated due to a prior, unrelated offense.
The Court of Appeals addressed the interpretation of section 18-309 before we granted Brand and Nall’s petitions for review. While I understand this Court reviews cases independently of the Court of Appeals, I agree with the Court of Appeals’ analysis and could not say things any better. The Court of Appeals held:
The directive of I.C. § 18-309 is mandatory, specifying that a person shall receive credit for prejudgment incarceration. State v. Horn, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct.App.1993). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. State v. Moore, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct.App.2014). The converse is also true—that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. Moore, 156 Idaho at 21, 319 P.3d at 505; see also State v. Hernandez, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct.App. *194 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. Moore, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. Id.
However, I.C. § 18-309 confers a right to credit only if the presentence incarceration was a consequence of or attributable to the offense for which the sentence is imposed. State v. Vasquez, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct.App.2005); State v. Rodriguez, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App.1991); State v. Hale, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct.App. 1989). Credit is to be given only if the presentence incarceration was caused by the offense for which a sentence is being imposed. Horn, 124 Idaho at 850, 865 P.2d at 177. Moreover, when a defendant is charged with a second crime while already incarcerated for a first offense, credit is not authorized if “the pending proceeding has no effect whatever upon a defendant’s liberty.” State v. Dorr, 120 Idaho 441, 443, 816 P.2d 998, 1000 (quoting State v. Moliga, 113 Idaho 672, 675, 747 P.2d 81, 84 (Ct.App. 1987)). The purpose of I.C. § 18-309 and similar statutes “is to eliminate unequal treatment of indigent prisoners who, because they were unable to post bail, are confined longer than their wealthier counterparts.” Dorr, 120 Idaho at 443, 816 P.2d at 1000.
State v. Brand, No. 43441, — Idaho —, —, — P.3d —, —, 2016 WL 886541, at *2 (Ct.App. Mar. 9, 2016); see also State v. Nall, No. 43442, 2016 WL 1008051, at *2 (Ct.App. Mar. 14, 2016).
In the first case, Brand was served the arrest warrant for his grand theft offense while he was already incarcerated for drug possession. In the second case, Nall was in the custody of the U.S. Marshalls on a “no bond” hold related to charges in a federal case. While in federal custody, Nall was served with a state warrant for conspiracy to commit burglary, promoting gang activity, unlawful possession of a firearm, and supplying a firearm to a criminal gang member. Neither Brand nor Nall was incarcerated for the ciime for which they requested credit. Neither party was deprived of any freedom in relation to those charges, rather for other charges. Where a party is already in custody on account of another offense, there is no presentence deprivation of liberty. Accordingly, there is no underlying justification to grant credit for time served.
Por these reasons, I respectfully dissent from the opinion of the Court. The orders of the district court should be affirmed.
JONES, Justice, concurs.