**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44614**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 582 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 12, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| TROY M. CROMBIE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order denying credit for time served, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Troy M. Crombie appeals from the district court's denial of his motion for credit for time served. Crombie argues that the district court, after having correctly determined the applicable dates, miscalculated the number of days he served. The State concedes that the district court's calculation of 429 days served is incorrect. Both parties agree that the correct number of days served is 490. We reverse the district court's order and remand for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Crombie entered a guilty plea to one count of malicious injury to property in September of 2012. The district court imposed a unified sentence of five years, with two years determinate, but suspended the sentence, placing Crombie on probation for five years. On July 21, 2015, the

1

district court revoked Crombie's probation and reinstated the original sentence. The district court then ordered that Crombie be given credit for the time he had served in connection with this case.

Crombie subsequently filed a pro se Idaho Criminal Rule 35(c) motion for credit for time served on August 31, 2016, arguing that his original sentence would be exceeded by 196 days based on his current "top out" date. The district court denied the motion. The court explained that it was unable to order additional credit for time served because Crombie did not show "evidence of time served for which he had not received credit." The district court also rejected Crombie's argument regarding his "top out" date. Crombie filed a notice of appeal that was timely from the district court's order.

## II.

## ANALYSIS

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *Id.* Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

The awarding of credit for time served is governed by Idaho Code § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion

to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

The district court determined that Crombie was to receive credit for 429 days served. Crombie argues that in calculating his time served, the district court made two errors. First, the court calculated December 24, 2013, to April 28, 2014, as being 127 days; it should actually be 126 days. Second, the court calculated April 20, 2015, to July 20, 2015, as being thirty days; it should actually be ninety-two days. Accordingly, Crombie is entitled to credit for 490 days served, not 429 days. The State concedes that the correct calculation is 490 days served.

## III.
## CONCLUSION

When calculated correctly, the findings of the district court indicate that Crombie is entitled to 490 days credit for time served. We reverse the district court's order denying Crombie's motion for credit for time served and remand the case for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.