# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45358 & 45359

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 353 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 13, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| CHERYL LINFORD, fka STONE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying Linford's Idaho Criminal Rule 35 motion, affirmed; orders on motion for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Liz A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

In Docket No. 45358, Cheryl Linford, fka Stone, pleaded guilty to delivery of a controlled substance, oxycodone HCI, Idaho Code § 37-2732(a)(1)(A). The district court imposed a unified seven-year sentence, with three years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Linford on probation. Linford filed an Idaho Criminal Rule 35 motion. Subsequently, Linford admitted to violating the terms of the probation, and entered a guilty plea in Docket No. 45359 to possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1). In. 45358, the district court revoked probation and reinstated the original sentence. In 45359, the district court imposed a unified six-year sentence, with three years determinate, to run concurrently with the sentence in 45358. The district court

1

retained jurisdiction. The district court held an I.C.R. 35 motion hearing where it held the motion in abeyance until further notice by defense counsel. After the second period of retained jurisdiction, the court suspended the sentences and placed Linford on probation.

Linford admitting violating the terms of her probation and the district court continued her probation with the condition that she participate in the Bannock County Wood Court. Once again, Linford admitted violating the terms of her probation and the district court revoked probation and executed the underlying sentences. In 45358, the district court gave Linford credit for 403 days served at the Bannock County Jail in addition to any time spent on the retained jurisdiction program. In 45359, the district court granted credit for 250 days served at the Bannock County Jail in addition to any time spent on the retained jurisdiction program.

In 45358, Linford filed an I.C.R. 35 motion as well as a motion for credit for time served. The district court issued an order crediting Linford with 392 days. Following an I.C.R. 35 motion for leniency hearing, the district court denied Linford's I.C.R. 35 motion. In 45359, Linford filed a motion for credit for time served. The district court issued an order crediting Linford with 245 days.

Linford appeals, contending that in 45358, the district court abused its discretion by failing to grant her I.C.R. 35 motion and that the district court erred in both cases by failing to grant her the correct amount of credit for time served.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of an I.C.R. 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Linford's I.C.R. 35 motion was presented, the district court did not abuse its discretion.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for

2

prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id. See also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

In each case in its order, the district court listed all the days Stone was incarcerated and gave her credit for the days she served. Stone does not argue the district court's calculations are incorrect or that she is entitled to additional days. We, therefore, affirm the district court's orders for credit for time served

For the foregoing reasons, the district court's order denying Linford's I.C.R. 35 motion is affirmed and the district court's orders on the motions for credit for time served are affirmed.