## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45135

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 421** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 10, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **EVIN CHRISTOPHER DEVAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. Vandervelde, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Evin Christopher Devan was found guilty by a jury of conspiracy to commit burglary, burglary, and misdemeanor trespassing. The district court sentenced Devan to concurrent unified sentences of five years with two years determinate for conspiracy to commit burglary and burglary, suspended the sentences and placed him on probation for five years. At the time of sentencing, Devan was given credit for 165 days served. Subsequently, the district court revoked probation and executed the underlying sentences. Devan filed a motion for credit for time served arguing that he was entitled to credit for time served because he served 180 days in an unrelated case and the sentence in the unrelated case was ordered to be served concurrently to his sentences in this case. Devan's motion was denied by the district court. Mindful that he is not

1

entitled to credit for time served on probation, Devan contends that the district court erred when it denied his motion.

The awarding of credit for time served is governed by Idaho Code § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an Idaho Criminal Rule 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.*; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

The district court did not err in denying Devan's motion for credit for time served. The 180 days for which Devan sought credit were served in an unrelated case. Even though that sentence was ordered served concurrent with the sentence in this case, Devan was not serving time in this case during that 180 days but was, instead, on probation. Devan is not entitled to credit for time served on probation. I.C. § 18-309. Therefore, the district court's order denying Devan's motion for credit for time served is affirmed.