# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47963

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

ANTHONY L. CAVALLERO,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 5, 2021

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Anthony L. Cavallero appeals from the district court's order denying his motion for credit for time served, asserting the district court erred in denying his motion for credit for time served. Because Cavallero presented no evidence that his period of prejudgment incarceration is attributable to the offense for which judgment was entered, the district court did not err when it denied his motion. Accordingly, the order denying Cavallero's motion for credit for time served is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Cavallero with two felony counts of battery on a correctional officer for Cavallero's actions against officers while Cavallero was incarcerated. Pursuant to a plea agreement, Cavallero entered a guilty plea to one count of battery on a correctional officer and the

1

State dismissed the additional charge. The district court sentenced Cavallero to five years, with six months determinate, to run consecutively to the sentences he was already serving, as is required when a defendant commits a battery on a correctional officer during the performance of his or her duties. I.C. § 18-915(2)(b).

Cavallero filed a pro se motion for credit for time served and an accompanying affidavit requesting credit for the time he was incarcerated from the date of the battery through the time of his sentencing for the offense. The district court denied the motion and Cavallero timely appeals.

## II.

## STANDARD OF REVIEW

"The question of whether a sentencing court has properly awarded credit for time served on the facts of a particular case is a question of law, which is subject to free review by this Court." *State v. Denny*, 157 Idaho 217, 219, 335 P.3d 62, 64 (Ct. App. 2014). However, the appellate court will defer to the trial court's findings of fact unless they are clearly erroneous. *State v. Brown*, 163 Idaho 941, 943, 422 P.3d 1147, 1149 (Ct. App. 2018).

## III.

## ANALYSIS

Cavallero argues that "[m]indful of the requirement that, to receive pre-judgment credit for time served, a defendant must show that 'the incarceration is attributable to the offense' for which judgment was entered . . . and that such proof is not included within his motion for credit for time served," the district court erred by denying his motion for credit for time served. In response, the State argues the district court did not err in denying Cavallero's motion.

The awarding of credit for time served is governed by Idaho Code § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an Idaho Criminal Rule 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.*; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct

2

amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.* Pursuant to I.C. § 18-309(1), a criminal defendant is entitled to receive credit for time served prior to the entry of judgment only "if such incarceration was for the offense or an included offense for which the judgment was entered."

Here, Cavallero was already incarcerated for an unrelated conviction when he committed battery on a correctional officer. Cavallero remained incarcerated, serving the unrelated sentence, throughout the pendency of the present case. Cavallero is not entitled to credit for prejudgment time served that is only attributable to his prior, unrelated conviction, and Cavallero has not shown that the period of incarceration for which he seeks credit is attributable to the offense for which the district court entered judgment in the present case. Therefore, Cavallero has not established that the district court erred in denying his motion for credit for time served.

## IV.
## CONCLUSION

Because Cavallero has not shown that the period of prejudgment incarceration for which he seeks credit is attributable to the battery on a correctional officer offense, the district court did not err when it denied his motion for credit for time served. Accordingly, the order denying Cavallero's motion for credit for time served is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

3