**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49941**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: October 26, 2023** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| CONRADO CESAR NEVAREZ, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Order granting motion for credit for time served, <u>affirmed</u>.

Conrado Cesar Nevarez, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Conrado Cesar Nevarez appeals from the order of the district court granting him ninety-one days credit for time served. Nevarez argues the district court erred by failing to grant him credit for the time served from the date the complaint was filed. Nevarez also raises various claims of error based on his due process, equal protection, and speedy trial rights. Nevarez was only entitled to credit for time served from the date he was served with the warrant. Any other issue raised by Nevarez is not preserved for review. The district court's order is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 18, 2009, the State filed a complaint charging Nevarez with four counts of forgery, Idaho Code § 18-3601. That same day, the district court issued a warrant for Nevarez's arrest on the charges. Nevarez was serving a prison sentence for an unrelated case at the time. On November 3, 2010, Nevarez was served with the warrant and subsequently transported from the

1

state prison to the Twin Falls County Jail. Pursuant to a plea agreement, Nevarez pleaded guilty to one count of forgery and the remaining charges were dismissed by the State. The district court entered a judgment of conviction on February 1, 2011, and imposed a unified sentence of thirteen years, with two years determinate, and awarded Nevarez "credit for time previously served on this crime." Nevarez did not appeal from his judgment of conviction.

In June of 2022, Nevarez filed a pro se motion for credit for time served along with an affidavit. He requested credit for time served "from 2009 to 2011 while he sat on pending charges." The district court granted Nevarez's motion in part and denied it in part by awarding him credit for the ninety-one days of prejudgment incarceration. Nevarez timely appealed.

## II.

### STANDARD OF REVIEW

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law which is subject to free review by the appellate courts. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

### ANALYSIS

Nevarez argues the district court erred by only awarding him ninety-one days of credit for time served. Nevarez alleges the district court should have granted him credit for time served commencing on the date the complaint was filed. The State argues the district court correctly calculated the number of days of pretrial incarceration to which Nevarez was entitled.

The award of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means the defendant is entitled to credit for all time spent incarcerated on an offense before judgment. *Id.* at 21, 319 P.3d at 505. However, the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated "for the offense or an included offense for

2

which the judgment was entered." I.C. § 18-309(1); *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating I.C. § 18-309 does not allow defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505.

Here, Nevarez was awarded the correct amount of credit for time served. Nevarez was incarcerated at the time the complaint was filed in this case on an unrelated case, and he remained in custody until the judgment of conviction was entered. He was not, however, incarcerated for the forgery charge, of which he was ultimately convicted, until the arrest warrant was served on November 3, 2010. Because Nevarez is only entitled to credit for the time he was incarcerated for the offense for which the judgment was entered, I.C. § 18-309(1), the district court correctly awarded Nevarez credit for time served between the service of the arrest warrant on November 3, 2010, and the judgment of conviction entered on February 1, 2011. Therefore, the district court did not err in awarding Nevarez ninety-one days of credit for time served.

Nevarez raises several additional claims of error on appeal based on alleged violations of his due process, equal protection, and speedy trial rights relating to his underlying judgment of conviction. These claims are not preserved for review because no appeal from the judgment of conviction was filed within forty-two days of the judgment. I.A.R. 14(a); *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015). A timely appeal is necessary to vest jurisdiction in this Court to review issues raised with respect to the district court's actions. *Wolfe*, 158 Idaho at 60, 343 P.3d at 502 (holding appeal timely from later order did not confer jurisdiction on prior appealable order from which no timely appeal was taken). Because Nevarez did not file a timely notice of appeal from his judgment of conviction, this Court has no jurisdiction to review any claims arising from the underlying judgment of conviction.

## III.

## CONCLUSION

The district court correctly concluded that Nevarez was entitled to ninety-one days credit for time served. Nevarez did not preserve his other claims for appellate review. We affirm the district court's order granting Nevarez's motion for credit for time served.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

3